MARA W. ELLIOTT, City Attorney
DAVID J. KARLIN, Assistant City Attorney
MICHAEL J. MCGOWAN, Deputy City Attorney
California State Bar No. 211092
Office of the City Attorney
1200 Third Avenue, Suite 1100
San Diego, California 92101-4100
Telephone: (619) 533-5800
Facsimile: (619) 533-5856

Attorneys for Defendants
CITY OF SAN DIEGO, MATTHEW BOTKIN
and ALEXANDER CHIAPPONE

Exempt from fees per Gov't Code § 6103
To the benefit of the City of San Diego

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDRICK LEE WASHINGTON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, a public entity; MATTHEW BOTKIN, an individual; ALEXANDER CHIAPPONE, an individual; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. 37-2016-00007759-CU-PO-CTL<br><br>**DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT**<br><br>*IMAGED FILE*<br><br>Judge: Hon. Joel R. Wohlfeil<br>Court Room: Dept. 73<br>Magistrate:<br>Court Room:<br>Trial: Not Yet Set |

Defendants CITY OF SAN DIEGO [CITY], MATTHEW BOTKIN and ALEXANDER CHIAPPONE [DEFENDANTS] answer Plaintiff's Second Amended Complaint for Damages as follows:

1. In answer to the allegations contained in Paragraphs No. 1, 2, 3, 4, 5, 6 and 7, Defendants admit the allegations in said paragraphs.

2. In answer to allegations contained in Paragraphs No. 8 and 9, Defendants lack sufficient information or belief to enable them to answer said allegations and placing their denial on that ground, Defendants deny each and every allegation in said paragraphs.

3. In answer to the allegations contained in Paragraphs No. 10 and 11, Defendants admit the allegations in said paragraphs.

4. In answer to allegations contained in Paragraphs No. 12, 13 and 14, Defendants lack sufficient information or belief to enable them to answer said allegations and placing their denial on that ground, Defendants deny each and every allegation in said paragraphs.

5. In answer to the allegations contained in Paragraph No. 15, Defendants deny the allegations in said paragraph.

6. In answer to the allegations contained in Paragraphs No. 16, 17, 18 and 19, Defendants lack sufficient information or belief to enable them to answer said allegations and placing their denial on that ground, Defendants deny each and every allegation in said paragraphs.

7. In answer to the allegations in Paragraphs No. 20, 21, 22, and 23, Defendants deny each and every allegation in said paragraphs.

8. In answer to the allegations contained in Paragraphs No. 24, 25 and 26, Defendants lack sufficient information or belief to enable them to answer said allegations and placing their denial on that ground, Defendants deny each and every allegation in said paragraphs.

9. In answer to the allegations in Paragraph No. 27, Defendants deny each and every allegation in said paragraph.

10. In answer to the allegations contained in Paragraph No. 28, Defendants admit the allegations in said paragraph.

11. In answer to the allegations in Paragraphs No. 29, 30, 31, 32, 33, 34 and 35, Defendants deny each and every allegation in said paragraphs.

12. In answer to the allegations contained in Paragraph No. 36, Defendants lack sufficient information or belief to enable them to answer said allegations and placing their denial on that ground, Defendants deny each and every allegation in said paragraph.

13. In answer to the allegations in Paragraph No. 37, Defendants deny each and every allegation in said paragraph.

14. In answer to the allegations contained in Paragraph No. 38, Defendants admit the allegations in said paragraph.

15. In answer to the allegations in Paragraphs No. 39, 40, 41, 42, 43, 44, 45, 46 and 47, Defendants deny each and every allegation in said paragraphs.

16. In answer to the allegations contained in Paragraphs No. 48 and 49, Defendants admit the allegations in said paragraphs.

17. In answer to the allegations in Paragraph No. 50, Defendants incorporate herein by reference each and every admission, denial and allegation contained in their answers to Paragraphs No. 1 through 49.

18. In answer to the allegations contained in Paragraphs No. 51 and 52, Defendants deny each and every allegation in said paragraphs.

19. In answer to the allegations contained in Paragraphs No. 53 and 54, Defendants lack sufficient information or belief to enable them to answer said allegations and placing their denial on that ground, Defendants deny each and every allegation in said paragraphs.

20. In answer to the allegations contained in Paragraphs No. 55, 56 and 57, Defendants deny each and every allegation in said paragraphs.

21. In answer to the allegations contained in Paragraph No. 58, Defendants lack sufficient information or belief to enable them to answer said allegations and placing their denial on that ground, Defendants deny each and every allegation in said paragraph.

22. In answer to the allegations contained in Paragraph No. 59, Defendants incorporate herein by reference each and every admission, denial and allegation contained in their answers to Paragraphs No. 1 through 58.

23. In answer to the allegations contained in Paragraph No. 60, Defendants admit the allegations in said paragraph.

24. In answer to the allegations contained in Paragraphs No. 61, 62 and 63, Defendants deny each and every allegation in said paragraphs.

25. In answer to the allegations in Paragraph No. 64, Defendants lack sufficient information or belief to enable them to answer said allegations and placing their denial on that ground, Defendants deny each and every allegation in said paragraph.

26. In answer to the allegations in Paragraph No. 65, Defendants incorporate herein by reference each and every admission, denial and allegation contained in their answers to Paragraphs No. 1 through 64.

## AFFIRMATIVE DEFENSES

As separate, distinct and affirmative defenses to the Complaint on file herein, and to each cause of action, this answering defendant alleges as follows:

### I

(Failure to State Sufficient Facts)

Plaintiff's Second Amended Complaint fails to state facts sufficient to constitute a cause of action against these answering defendants.

### II

(Good Faith and Reasonable Belief)

Defendant, City of San Diego, its agents and employees, and the Defendant police officers acted in good faith and with a reasonable belief that their conduct was lawful and necessary.

### III

(Government Code section 815.2(b) Statutory Liability)

Defendant, City of San Diego, is immune from liability in that a public entity is not liable for an injury arising out of its acts or omissions or of a public employee, in the absence of a statute declaring such liability, pursuant to Government Code section 815.2(b).

**IV**

(Acting with Due Care)

An employee is not liable for his acts or omissions, while exercising due care, in the execution or enforcement of any law. (Gov't. Code §§ 820.4 and 815.2.)

**V**

Discretionary Immunity
(Gov't. Code §§ 815.2.b and 820.2)

Any employee of the City is not liable for an injury resulting from an act or omission of the employee where such act or omission was the result of discretion vested in the employee. (Gov't. Code §§ 815.2.b and 820.2)

**VI**

(The Act or Omission of Another Person
Gov't. Code § 820.8)

Public employees are not liable for an injury caused by the act or omission of another person. (Gov't. Code § 820.8.)

**VII**

(Entity not liable for Punitive Damages
Gov't Code § 818)

Defendant, City of San Diego, and its agents and employees are not liable for punitive damages. (Gov't Code § 818.)

**VIII**

(Judicial or Administrative Proceedings)

Defendant, City of San Diego, its agents and employees, and the Defendant police officers are not liable while acting within the scope of their duties for injuries resulting from judicial or administrative proceedings.

///

**IX**

(Enforcement of the California Penal Code, Due Care)

Defendant, City of San Diego, its agents and employees, and the Defendant police officers are not liable for the execution or enforcement of the California Penal Code where due care is exercised.

**X**

(Color of Any Statute, Ordinance, Regulation, Custom or Usage of the City)

Defendant, City of San Diego, its agents and employees, and the Defendant police officers are not liable for violation of the plaintiffs' civil rights in that the alleged wrongful acts were not under color of any statute, ordinance, regulation, custom or usage of the City of San Diego.

**XI**

(No Federal Right)

The conduct in question did not constitute a violation of a federally protected right.

**XII**

(Qualified Immunity)

Defendants acted reasonably and within the course and scope of their employment at all times, and are therefore entitled to qualified immunity.

**XIII**

(Plaintiff was Negligent)

Plaintiff was negligent in and about the matters alleged in the Complaint and said carelessness on his proximately contributed to the happening of the alleged incident, injuries and damages complained of, if any such exist.

///

///

///

///

**XIV**

(Lawful Duty)

Defendant, City of San Diego, its agents and employees, and the Defendant police officers were at all times alleged in the Complaint performing duties required by law under conditions required by law.

**XV**

(Defendants' Reasonable Conduct)

Any and all acts of Defendant, City of San Diego, its agents and employees, and the Defendant police officers at or near the time alleged in the Complaint were reasonable and said defendants had reasonable cause to act in the manner they did.

**XVI**

(Probable Cause)

At the time of the initial contact, the Defendant police officers were acting within the scope of their employment and had probable cause to believe that Plaintiff was engaging in, or had just engaged in, a prohibited activity. During the contact, the Defendant police officers were acting within the scope of their employment and had probable cause to believe that said person had committed a crime.

**XVIII**

*(Respondeat Superior)*

Individual Defendants cannot be held vicariously liable or liable on a theory of *respondeat superior* for the alleged actions of others.

**XIX**

(Reservation of Affirmative Defenses)

As a separate and affirmative defense to the Complaint on file herein, and each and every cause of action, this answering Defendant is informed, believes, and thereon alleges that certain separate and additional defenses to the entire Complaint or to individual causes of action therein, may be available to this

answering Defendant, however, these separate and additional defenses require discovery before they can be properly alleged. Therefore, this answering Defendant will move to amend its answer, if necessary, to allege such separate and additional defenses after they have been ascertained or according to proof at trial.

**JURY TRIAL DEMAND**

Defendants demand a trial by jury in this action pursuant to Federal Rules of Civil Procedure, Rule 38(d).

WHEREFORE, Defendants pray for judgment as follows:

1. Plaintiff takes nothing by his Complaint;
2. Defendants be dismissed and awarded attorney's fees and costs of suit; and
3. For such other relief as the court deems just and proper.

Dated: December 27, 2016

MARA W. ELLIOTT, City Attorney

By */s/ Michael J. McGowan*
Michael J. McGowan
Deputy City Attorney

Attorneys for Defendant
CITY OF SAN DIEGO, MATTHEW BOTKIN and ALEXANDER CHIAPPONE